IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW MATTHEW OBRIECHT,

       Petitioner,         ORDER

   v.              07-C-409-C

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

       Respondent.

---

  This is an action for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The petition was filed by attorney Rex Anderegg on behalf of petitioner Andrew Michael Obriecht. On October 23, 2007, this court entered judgment in favor of respondent on the ground that the petition was untimely.

  On November 7, 2007, petitioner, proceeding *pro se*, filed a motion under Rule 59(e) to alter or amend the judgment. On November 8, 2007, this court entered an order denying the motion. Pursuant to Fed. R. App. 4(A)(iv) and Fed. R. App. P. 26(a)(3), petitioner had 30 days, or until December 10, 2007, in which to file a notice of appeal.

  On November 29, 2007, petitioner filed an "Auxiliary Memorandum" in support of his Rule 59 motion; on December 4, he submitted an appendix to that memorandum. He has not yet filed a notice of appeal.

Petitioner's "auxiliary submissions" are not properly before the court. Petitioner gave no indication when he filed his Rule 59(e) motion that more materials would be forthcoming. The rules of appellate procedure do not allow a party to file repeated motions, each one containing more information and arguments than the last. If petitioner wanted the court to consider his auxiliary materials, he should have included them in his Rule 59 motion, or better yet, in the original proceedings.

Of greater concern is petitioner's deadline for filing an appeal. In the course of reviewing petitioner's auxiliary submissions, the court discovered that when it mailed a copy of the November 8, 2007 order denying petitioner's Rule 59 motion to the parties, it inadvertently mailed petitioner's copy to Anderegg and not petitioner. Thus, petitioner has not yet received proper notice of that order.

Under Fed. R. App. 4(a)(6), the district court may reopen the time for filing an appeal for a period of 14 days if the court finds that 1) the moving party did not receive notice of the entry of the judgment or order to be appealed within 21 days of entry; 2) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier; and 3) no party would be prejudiced. Construing petitioner's auxiliary memorandum as a motion to reopen the time for filing an appeal, I find that the conditions for reopening are satisfied. Petitioner's submissions and the court's records make clear that he did not receive notice of the November 8 order. Further, respondent will not be prejudiced. Reopening the time to

appeal will amount to extending petitioner's original deadline by one-and-a-half months, a relatively brief delay.

Accordingly,

ORDER

IT IS ORDERED that the constructive motion of petitioner Andrew Matthew Obriecht to reopen the time to file an appeal is GRANTED pursuant to Fed. R. App. P. 4(a)(6).  Petitioner has 14 days from the date of this order, or until January 23, 2008, in which to file a notice of appeal.

Entered this 9th day of January, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge