IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW MATTHEW OBRIECHT,

               Petitioner,          OPINION AND ORDER

    v.                                       07-cv-409-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

               Respondent.

---

Petitioner Andrew Matthew Obriecht has filed a notice of appeal from this court's October 25, 2007 order and judgment dismissing his petition for a writ of habeas corpus with prejudice on the ground that it was untimely. He also seeks leave to appeal the November 8, 2007 order denying his motion for reconsideration and a January 9, 2008 order granting the reopening of time for petitioner to file an appeal. Petitioner asks this court to issue a certificate of appealability. Because I find that reasonable jurists would not debate this correctness of this court's conclusion that petitioner had failed to show extraordinary circumstances warranting either equitable tolling or the vacatur of a previous decision dismissing an earlier petition, I am denying his request for a certificate.

BACKGROUND

The facts relevant to this case are set forth in detail in this court's October 25, 2007 order and are incorporated by reference as if fully set forth herein. The issue was whether the court should allow petitioner to proceed on his admittedly untimely petition, either under the doctrine of equitable tolling or by vacating the dismissal of an earlier petition and allowing the new petition to be filed as an amended petition relating back to that earlier filing date. Petitioner contended that he had been prevented from filing his federal habeas petition earlier than he did because of the misconduct of his state court lawyer, who misinformed him that his federal deadline would be tolled for as long as petitioner's appeal of a post-revocation sentence in state court was pending. He also argued generally that his "status as a mental health patient" was a relevant consideration in determining whether he had been diligent in pursuing his rights.

I rejected petitioner's arguments and declined to allow the petition. I found that counsel's negligence, even if egregious, was not an extraordinary circumstance sufficient to justify equitable tolling or the "vacate-relate back" procedure. I also found that petitioner had failed to present evidence sufficient to show that he lacked the mental capacity to act on his rights during the two-year time period in question.

Petitioner then filed a *pro se* motion to alter or amend the judgment pursuant to Rule 59(e). In the motion, petitioner switched his focus from his lawyer's alleged professional

2

incompetence to his own mental incompetence, arguing that he lacked the mental capacity to file a federal habeas petition or any state court collateral attack at any time before June 2005. I found that petitioner's new argument was not a reason to alter or amend the judgment, explaining:

> Although petitioner argues that it is "quite possible" that this court would find after an evidentiary hearing that he was not competent from February 2003 through June 2005, he has not presented any evidence that would support such a finding. Even more harmful to petitioner's claim, he admits that by mid- to late-2004, he was working diligently on *pro se* direct appeals of his convictions in other Dane County cases. Petitioner asserts that he did not file a *pro se* state court collateral attack in 98-CF-271 (the case at issue here) and instead hired a lawyer in July 2004 because the issues were too complex to handle on his own. However, petitioner's strategic choice was not a circumstance beyond his control. Even giving petitioner the benefit of considerable doubt and finding that he lacked the mental capacity to pursue his rights from February 2003 until July 2004, nothing prevented him from filing his state court motion during the time period from July 2004 to June 2005.

Order, Nov. 8, 2007, dkt. #18, at 2-3.

## OPINION

To be entitled to a certificate of appealability, petitioner must make "a substantial showing of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the

3

petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Slack</u>, 529 U.S. at 484  (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, n.4 (1983)).

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.  Thus, "[d]etermining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." <u>Id</u>. at 484-85.

I begin with the procedural ruling.  I am satisfied that jurists of reason would not debate my conclusion that petitioner failed to show grounds sufficient to warrant equitable relief from the statute of limitations, either in the form of tolling or employment of the "vacate-relate back" procedure.  Whether labeled negligence or "gross misconduct," the conduct of petitioner's lawyer is simply not a tenable ground justifying equitable relief, at least not in the Seventh Circuit. <u>Modrowski v. Mote</u>, 322 F.3d 965, 968 (7th Cir. 2003). As for petitioner's alleged mental incapacity, jurists of reason reviewing the record, including

4

petitioner's November 7, 2007 submissions in support of his motion to alter the judgment, would not debate that petitioner had not alleged facts sufficient to show that he was incapable of acting on his legal rights at any time from February 3, 2003 to June 2005. As noted in the order denying petitioner's Rule 59 motion, petitioner admitted that he was busy working on other cases in July 2004 and that he did not pursue this case at that time because he decided to hire a lawyer instead.

In his post-judgment submissions, petitioner focuses on my refusal to vacate the dismissal of his prior case in order to allow him to submit the instant petition as an amended petition "relating back" to that earlier case, which was filed within the limitations period. He argues that I erred in applying the standards of Fed. R. Civ. P. 60(b) to his request, pointing out that the court did not undertake such an analysis in Newell v. Hanks, 283 F.3d 827 (7th Cir. 2002). Petitioner's argument is foreclosed by the following passage from the court's decision in Arrieta v. Battaglia, 461 F.3d 861, 866 (7th Cir. 2006) (emphasis in original):

> [N]othing in Newell can be read as *requiring* the district court to reopen a previously dismissed habeas petition even where the provisions of Rule 60(b) foreclose vacating the judgment. Newell held that the district court did not abuse its discretion in reopening the dismissal judgment ten months after it was entered; it did not hold that the court was *required* to reopen the judgment even where doing so would be contrary to Rule 60(b).

5

The crux of petitioner's argument in favor of the "vacate-relate back" procedure was that this court had erred when it dismissed rather than stayed the petition that petitioner filed in December 2002.  According to petitioner, hindsight proves that the court was wrong in concluding that the approximately 60 days remaining on petitioner's federal habeas clock at that time was a sufficient time period in which petitioner could pursue his state court remedies with respect to his unexhausted claims without jeopardizing the timeliness of a federal habeas challenge.  This might have been a winning argument had petitioner made it shortly before or after his federal deadline expired on March 17, 2003, or, alternatively, if he could show that he was prevented from pursuing his legal rights any sooner than he did.  However, petitioner failed to make that showing.  Reasonable jurists would not debate my conclusion that vacatur of the January 2003 judgment was contrary to the equitable standards embodied in Rule 60(b).

Because I find that petitioner is not entitled to a certificate of appealability from this court's procedural ruling, it is unnecessary to decide whether he has made a substantial showing of the denial of a constitutional right.

As a final matter, I note that petitioner has filed a motion for the appointment of counsel.  Petitioner should direct this request to the court of appeals, which now has jurisdiction over his case.

ORDER

IT IS ORDERED that the request of petitioner Andrew Matthew Obriecht for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

Entered this 13th day of March, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge