IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW MATTHEW OBRIECHT,

                    Petitioner,                        ORDER

        v.                                           07-cv-409-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                    Respondent.

---

Before the court is Andrew Matthew Obriecht's February 29, 2008 motion to construe a set of "auxiliary submissions" that he filed on November 29 and December 4, 2007 as a motion under Fed. R. Civ. P. 60(b)(1) for relief from the judgment. (This motion essentially duplicates a motion that petitioner filed on January 24, 2008.) The submissions consist of a memorandum and an appendix containing various reports pertaining to petitioner's mental health during a three-year period before he filed his federal habeas petition. According to the caption, petitioner filed these documents to augment a Rule 59(e) motion that he had filed on November 5, 2007. (The court denied the motion on November 8, 2007, but it appears petitioner was not aware of this when he filed his auxiliary submissions.) Petitioner argues that these documents show that he lacked the mental

1

capacity to pursue his legal rights during this time period and therefore his untimely petition should be allowed under the doctrine of equitable tolling.

Rule 60(b)(1) permits a court to relieve a party from a judgment on several grounds, including mistake, inadvertence, surprise or excusable neglect.  Fed. R. Civ. P. 60(b)(1). Petitioner offers no argument why any of these circumstances are present in this case.  The fact that petitioner was not aware when he filed his auxiliary submissions that the court had already denied his Rule 59 motion does not excuse his failure to submit this evidence with his original Rule 59 motion, or better yet, in the original proceedings.  It is well settled that "neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)."  McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000).

Further, petitioner does not explain why he could not have presented this evidence earlier.  Fed. R. Civ. P. 60(b)(2) (new evidence must have been unavailable at time of original decision); Publicis Communication v. True North Communications, Inc., 206 F.3d 725, 730 (7th Cir. 2000).  "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001) (citations omitted).

For these reasons, petitioner's motion is denied.

2

ORDER

IT IS ORDERED that the petitioner's motion for relief from judgment pursuant to

Rule 60(b) is DENIED.


Entered this 13th day of March, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3